J-S15025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRUCE ASBURY | : | |
| | : | |
| Appellant | : | No. 1393 WDA 2019 |

Appeal from the Order Entered August 13, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
754 1979

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                          **FILED APRIL 17, 2020**

Appellant, Bruce Asbury, appeals *pro se* from the order entered on August 13, 2019.  We affirm.

On March 30, 1981, Appellant was found guilty of rape, involuntary deviate sexual intercourse, and burglary. N.T. Trial, 3/30/81, at 54.  On August 12, 1981, the trial court sentenced Appellant to serve an aggregate term of eight-and-one-half to 20 years in prison for his convictions.  N.T. Sentencing, 8/12/81, at 11-12.  We affirmed Appellant's judgment of sentence on September 16, 1983 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 13, 1984. **Commonwealth v. Asbury**, 466 A.2d 717 (Pa. Super. 1983), *appeal denied*, ____ A.2d ____, 263 W.D. Allo. Dkt. 1983 (Pa. 1984).  Thereafter, on June 22,

_____

* Former Justice specially assigned to the Superior Court.

1987, this Court affirmed the dismissal of Appellant's Post Conviction Hearing Act ("PCHA") petition and on July 5, 1996, this Court dismissed Appellant's appeal from the denial of his second petition for post-conviction relief. *Commonwealth v. Asbury*, 531 A.2d 29 (Pa. Super. 1987) (unpublished memorandum) at 1-6; *Commonwealth v. Asbury*, 685 A.2d 206 (Pa. Super. 1996) (unpublished memorandum) at 1-4.

As the Commonwealth avers, "[Appellant] was released from the Department of Corrections on September 1, 2000 when Megan's Law II[1] was in effect" and, in accordance with Megan's Law II, Appellant was required to register with the Pennsylvania State Police for life. *See* Commonwealth's Response to Appellant's Motion to Review, 8/13/19, at 1.

On June 26, 2019, Appellant filed, at his criminal docket number, a *pro se* motion entitled "Motion to Review Full Sentencing Instruction: Procedure at Time of Sentencing Under Rule 234 Pa Code Rule 704" (hereinafter Appellant's "Motion to Review"). Within the motion, Appellant requested "a court order removing [him] from a life time sexual offense registration." Appellant's Motion to Review, 6/26/19, at 3. According to Appellant, he was entitled to this relief because "the Megan's [L]aw retroactivity clause [is] unconstitutional." *Id.* at 4.

The lower court dismissed Appellant's Motion to Review on August 13, 2019, without holding a hearing. Appellant filed a timely notice of appeal and,

---

[1] 42 Pa.C.S.A. §§ 9791-9799.7 (expired).

within his brief, Appellant claims that the Megan's Law registration requirements are unconstitutional, as they violate the due process and *ex post facto* clauses of the United States Constitution.  Appellant's Brief at 7.

Appellant challenges his registration obligation and claims that he is not required to register as a sexual offender because Megan's Law II is unconstitutional.  **See id.**  However, the General Assembly amended Megan's Law II "with the passage of Act 152 of 2004, commonly referred to as Megan's Law III."  **Commonwealth v. Muniz**, 164 A.3d 1189, 1197 (Pa. 2017).  As we explained:

> Megan's Law III expired on December 20, 2012, and gave way to the Sexual Offender Registration and Notification Act ("SORNA"), which took effect on that same date. SORNA required individuals convicted of certain sexual offenses to register with the Pennsylvania State Police, including individuals previously subject to reporting requirements who had not yet fulfilled their registration period.

**Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 676 (Pa. Super. 2017).

The General Assembly amended SORNA most recently on June 12, 2018, by passing P.L. 140, No. 29, 42 Pa.C.S.A. §§ 9799.10-9799.75 (hereinafter "Act 29"), which became effective immediately.  **See Commonwealth v. Moore**, 222 A.3d 16, 18 n1 (Pa. Super. 2019).

Appellant is now subject to registration under Subchapter I of SORNA, not Megan's Law II.  **See** 42 Pa.C.S.A. § 9799.52 ("[t]his subchapter shall apply to individuals who were . . . required to register with the Pennsylvania State Police under a former sexual offender registration law of this

Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired").

As we have held, "claims challenging application of SORNA's registration provisions . . . are considered under the [Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]." *Commonwealth v. Greco*, 203 A.3d 1120, 1123 (Pa. Super. 2019). Further, the PCRA expressly states that it "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542; *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Therefore, since Appellant is required to register under SORNA and since "claims challenging application of SORNA's registration provisions . . . are considered under the PCRA," Appellant's claim, challenging his registration requirement, falls under the rubric of the PCRA. *Greco*, 203 A.3d at 1123. Since the PCRA encompasses Appellant's claim, Appellant "can only find relief under the PCRA's strictures." *Pagan*, 864 A.2d at 1233; *see also Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016) ("[the Pennsylvania Supreme] Court has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review"). Hence, Appellant's

Motion to Review must be considered under the PCRA and must be viewed as Appellant's third petition for post-conviction collateral relief.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003) (citations omitted). "The question of whether a [PCRA] petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

Appellant's judgment of sentence became final in January 1985, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. As Appellant did not file his current petition until June 26, 2019, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the one-year time-bar. Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order, which dismissed Appellant's third petition for post-conviction collateral relief without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2020